STATE *v.* DELINQUENT LANDS.

Opinion delivered November 10, 1930.

*Hal L. Norwood,* Attorney General, and *J. A. Tellier,* for appellant.

*S. V. Neely, S. H. Mann, C. W. Norton, M. B. Norfleet, Mann & McCulloch, Streett & Burnside* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

HUMPHREYS, J. The purpose of this appeal is to ascertain whether the chancery court of St. Francis County correctly construed act number 296 of the Acts of the General Assembly of 1929, as an act for the confirmation of the State's tax titles. The decree appealed from followed the trial court's interpretation of the act by providing that the respective forfeitures or sales to the State of the several tracts of land described in the complaint for the taxes for the respective years shown opposite each tract shall be confirmed against any "informality or any irregularity" connected with such sale or forfeiture to the State.

Appellant contends for a reversal of the decree because the court refused to vest an absolute title in it to the forfeited lands described in the complaint. It is argued that said act No. 296, upon which the action is based, expressly authorizes the investiture of an absolute title in the State to all lands forfeited and sold to it for the nonpayment of taxes. The language of the act does not sustain the argument. According to the language used the act only purports to deal with tax titles acquired by the State through sales for the nonpayment of taxes which contain "informalities or irregularities" for which the sales might be avoided or set aside. The notice to interested parties provided in § 3 of the act is by publication describing the lands and calling on all persons who can set up any right to the lands so forfeited in consequence of any "informality or any irregularity" connected with such sale to show cause at the first term of court thereafter why the "sale" made to the State should not be confirmed. Certainly the intent

was not to make the decree broader than the constructive notice to interested parties of the institution of the suit. The breadth and scope of the decree in favor of the State is limited in § 9 of the act in specific language to a confirmation of the ''sale'' to the State. It is also provided in § 9 of the act that the decree of confirmation in favor of the State shall be a bar against any and all persons who may thereafter claim said lands in consequence of ''any informality or illegality'' in the forfeiture proceedings for the nonpayment of taxes. It is manifest from the character of the decree provided by the act that the Legislature did not intend for the confirmation to be a bar against claimants of the land upon other grounds.

Again, the purpose and intent of said act number 296 is reflected by the fact that it follows very closely the provisions of §§ 8379-8393 of Crawford & Moses' Digest for the confirmation of tax titles in proceedings by individuals. By comparison of said act 296 with those sections of the Digest it will be seen that there is no material difference between them. The sections of the Digest referred to have been construed by this court as a method of procedure for perfecting such title as the purchaser at tax sales would have received if the sale had been regular, and that a decree under the provisions of said sections would not have the effect of confirming the title in the purchaser. *Updegraff* v. *Marked Tree Lumber Co.*, 83 Ark. 154, 103 S. W. 696. In view of the similarity between said act number 296 and the sections of the statute relating to the confirmation of individual tax titles, this court's construction of the intent of those sections of the statute referred to is the appropriate and fitting construction as to the intent and purpose of the Legislature in the passage of said act number 296.

Our conclusion is that said act number 296 is an act providing a method by which the State may validate its tax titles by curing the ''informalities and irregularities'' contained in the forfeiture proceedings. This in-

terpretation or construction of the statute necessarily eliminates all other issues in the case.

No error appearing, the decree is affirmed.

KIRBY and MEHAFFY, JJ., dissent.