KIRK v. ELLIS.

4-4267

Opinion delivered April 13, 1936.

588

*T. A. French* and *O. T. Ward,* for appellant.

*Arthur Sneed,* for appellee.

McHANEY, J.   This is an action in ejectment by appellant against appellees to try title to and obtain possession of the north half of the southwest quarter and the southwest quarter of the southeast quarter of section 1, township 20 north, range 7 east, in Clay County, Arkansas.   Appellant claimed title as follows:   (1) Forfeiture and sale to the State in 1929 for the delinquent taxes for 1928; (2) decree of confirmation of said sale and quieting title in the State on November 30, 1932, under the provisions of act 296 of 1929; (3) deed from the State to Leslie M. Renfro, dated January 4, 1934; and (4) deed from Renfro to appellant, dated March 30, 1934. Appellees defended the action on the ground that the forfeiture and sale to the State were void, and that therefore appellant acquired no title for these reasons: (1) that the county clerk did not deliver to the collector the tax books with his warrant attached thereto as provided by § 10,016, Crawford & Moses' Digest, before the first Monday in January, 1929, it being stipulated that said books were delivered on January 16, 1929; (2) that the collector did not file with the clerk, prior to the second Monday in May, 1929, the delinquent list as required by § 10,082, Crawford & Moses' Digest; and (3) that the delinquent list for 1928 taxes did not have attached an affidavit of the collector as to its correctness as required by said § 10,082.   Appellant demurred to the answer on the ground that it did not state a defense.   The court overruled the demurrer.   Proof was made establishing the defense set up, or the facts were stipulated, and judgment was rendered for appellees in which it was held that the forfeiture and sale were void for the reasons above stated.   The case is here on appeal.

We think the court erred in so holding.   Section 9 of act 296, Acts of 1929, p. 1235, provides:   "The decree of the court confirming the sale to the State shall operate as a complete bar against any and all persons who may thereafter claim said land in consequence of

any informality or illegality in the proceedings; and the title to land shall be considered as confirmed and complete in the State forever; saving, however, to infants, persons of unsound mind, imprisoned beyond the seas, or out of the jurisdiction of the United States, the right to appear and contest the State's title to said land within one year after the disabilities may be removed. The owner of any lands embraced in the decree may within one year from its rendition have the same set aside in so far as it relates to the land of the petitioner by filing a verified motion that such person had no knowledge of the pendency of the suit, and setting up a meritorious defense to the complaint upon which the decree was rendered.'' See, also, act 119 of 1935, p. 318, superseding and repealing said act 296.

This act has been applied and construed in *Little Red River Levee District* v. *State,* 185 Ark. 1170, 52 S. W. (2d) 46, and in *Stringer* v. *Conway County Bridge District,* 188 Ark. 481, 65 S. W. (2d) 1071. In the latter case, the court said: ''When lands are forfeited to the State for nonpayment of taxes, and confirmation is had under act 296 of 1929, all irregularities and informalities connected with the forfeiture and sale for taxes are cured, and in all cases where the State had the power to sell, the title may be confirmed in the State. If the State did not have the power to sell for taxes, then, of course, the sale would be absolutely void, and a confirmation would be void. If taxes on a tract of land had already been paid, the sale would be void, or if the property was not subject to taxation; but in all cases where the State has power to sell, and a decree has been entered in accordance with the provisions of act 296 of 1929, although the sale may be void for irregularities and informalities, all persons are barred by the decree of confirmation, and cannot thereafter take advantage of any informality or irregularity.''

These cases are decisive of this. The matters relied on to invalidate the sale to the State are nothing more than irregularities and informalities which are cured by confirmation, although fatal prior thereto.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.