## GILLER v. FOUKE.

### 4-4517

Opinion delivered February 15, 1937.

*Oren Harris* and *Alvin D. Stevens,* for appellant.

*Frank S. Quinn, H. M. Barney* and *Will Steel,* for appellees.

GRIFFIN SMITH, C. J.   Appellant challenges the correctness of a decree of the Miller chancery court in canceling a deed executed by the State Land Commissioner, and holding that confirmation under act 296 of 1929 did not cure certain defects.

The chancellor found that in 1924 the southeast quarter of the northwest quarter of section thirteen, township seventeen south, range twenty-seven west, Miller county, was owned by C. W. and H. P. Fouke; that in 1925 the collector certified the property as delinquent for 1924 taxes; that in the 1925 tax sale it was acquired by

the state; that in 1927 it was certified to the state; that on September 8, 1932, it was sold by the state to J. M. Gregory, and then by mesne conveyances came into possession of Walter J. Giller, appellant herein, by deed of O. A. Bennett, dated February 17, 1934. Appellees are the legal representatives of H. P. and C. W. Fouke, deceased.

The decree recites that ''The sale of said lands by the collector of taxes in and for Miller county, Arkansas, in the year 1925 for taxes levied against said lands in the year 1924, was and is wrongful, illegal and void, for the reason that the county clerk did not publish the notice of sale of said delinquent land for two weeks before said sale, as required by law; and that the delinquent list for the year 1924 so returned and filed by the collector with the county clerk was not filed by the second Monday in May, 1925, but was filed on May 16, 1925, which was after the time prescribed by law for filing said delinquent list.''

The state, under authority of act 296 of 1929, filed suit in the Miller chancery court to quiet title, and the tract which forms the basis of this controversy was included in the list confirmed by decree of March 22, 1932.

Appellees, in their brief, say: ''The point at issue in this case is: Does failure of the county clerk to publish a notice of sale of lands for delinquent taxes constitute merely an irregularity or informality, or does the want of such notice go to the authority of the collector to make the sale? If the failure to give the notice of sale is an irregularity or informality only, then, under the decisions of this court the confirmation decree of March, 1932, confirming the state's title to the tract in suit, bars the plaintiffs' claims.''

The clerk's certificate was: ''State of Arkansas, county of Miller. I, David Elkins, county clerk within and for the county and state aforesaid, do hereby certify that the above list of lands, lots and parts of lots returned delinquent by the collector of Miller county, Arkansas, for the year 1924, was published in the Weekly Texarkanian, a newspaper published in Miller county, Arkansas, and having a *bona fide* circulation therein for

more than one year, weekly for two [and the two is marked out and a three written over it] weeks between the 2nd Monday in May, 1925, and the 2nd Monday in June, 1925, the first insertion being dated May 28, 1925, and the second insertion, June 4, 1925, and I posted the said advertised list of lands, lots and parts of lots in the office of county clerk as required by law. Witness my hand and official seal this 6th day of June, 1925. David Elkins, county clerk."

The certificate of the collector follows: "State of Arkansas, county of Miller. I, V. F. Yates, collector of revenues in and for the county of Miller and state of Arkansas, do hereby certify that the foregoing is a true and correct list of all lands, lots and parts of lots in Miller county, Arkansas, on which the taxes for the year 1924 are due and unpaid. (SEAL) V. F. Yates, collector. Subscribed and sworn to before me on this 16th day of May, 1925. David Elkins, county clerk."

Section 10082, Crawford & Moses' Digest, provides that the collector shall, by the second Monday in May of each year, file with the clerk of the county court, a list of delinquent taxes on real property and attach thereto his affidavit to the correctness of such list. Section 10084 is a mandate to the county clerk to cause the list of delinquent lands to be published for two weeks between the second Monday in May and the second Monday in June. Section 10085 directs that there be attached to said list a notice that said delinquent lands will be sold by the county collector. Section 10086 requires that the collector "shall attend at the courthouse on the second Monday in June next after publication of the list, and sell the property." The collector is required, by § 10087, to continue the sale from day to day. Finally, § 10092 directs the county clerk to attend the sale and record the transactions.

The notice required by § 10085, which appellees say was not given, contains the following language: "And notice is hereby given that said several tracts, lots, or parcels of lots, or so much thereof as may be necessary to pay the taxes, penalty and cost due thereon, will be sold by the county collector, at the courthouse in said

county, on the second Monday in June next, unless the said taxes, penalty and costs be paid before that time; and that the sale will be continued from day to day, until the said tracts, lots, and parcels of lots be sold." Then follow the date of notice, and signature of the clerk.

Mr. McCasland testified that the 16th of May, 1925, was the third Saturday, and that the second Monday in May, 1925, was May 11. The clerk's certificate of publication was dated June 6, 1925. The second Monday in June, 1925, was the 8th. It is contended that the clerk's certificate is deficient, in that it merely recited that "the above list of lands, lots, and parts of lots. returned delinquent by the collector for the year, 1924, was published in the Weekly Texarkanian." The certificate concludes with the statement that the advertised list "was posted in the office of the county clerk, as required by law." The clerk stated that there was no other notice of sale.

This case is controlled by the decisions in *State v. Delinquent Lands,* 182 Ark. 648, 32 S. W. (2d) 1061; *Little Red River Levee District No. 2* v. *State,* 185 Ark. 1170, 52 S. W. (2d) 46, and *Kirk* v. *Ellis,* 192 Ark. 587, 93 S. W. (2d) 139. In the first of these decisions it was held that confirmation under act 296 cured "informalities" and "illegalities" in the forfeiture proceedings. In the next case, 185 Ark. 1170, 52 S. W. (2d) 46, it was stated that "informalities" and "irregularities" in the levy of taxes and in the sale of lands for delinquencies were "the very defects the state can cure in confirming her tax titles." In *Kirk* v. *Ellis* the decisions in the two preceding cases are followed.

Consonant with these opinions, we again hold that it was the purpose of act 296 to cure irregularities and informalities in the assessment of taxes and the subsequent sale of delinquent real property in those cases where the state acquired the power to sell. The clerk's certificate here affirmatively shows there were two weekly publications of the delinquent list, and that he "posted the said advertised list of lands, lots, and parts of lots in the office of the county clerk, as required by law." It is true there was not a technical compliance with § 10085 of the Digest, but such variance was a mere irregularity

and did not deprive the collector of the power to sell. The collector's delay of five days in certifying the delinquent list was also an irregularity.

The decree is reversed, with directions to enter an order dismissing the cause.