BURBRIDGE *v.* CRAWFORD.

4-4856

Opinion delivered December 13, 1937.

*John Baxter* and *Russell J. Baxter,* for appellants.

*Carroll Hollensworth,* for appellee.

McHANEY, J. In the year 1932, the collector of Bradley county returned as delinquent for the tax of 1931, the southeast northeast and northeast southeast, section 1, township 12 south, range 12 west, Bradley county, containing 83.48 acres and, at the sale subsequent thereto for the delinquent taxes, appellant Burbridge be-

came the purchaser. In the same year, and under like conditions, the south half of northwest, section 6, township 12 south, range 11 west, Bradley county, containing 49.29 acres, was returned delinquent, and at the following sale appellant, Parrish, became the purchaser. Said lands not having been redeemed in the time provided by law, each tax purchaser received a deed thereto from the clerk under date of June 14, 1934. Separate suits were instituted by appellee, Crawford, who was the record owner of said lands, against appellants to cancel their respective tax deeds in which various grounds of invalidity were set up in the complaints. Appellants answered, denying all of the allegations of invalidity of the tax sale, setting up their respective tax deeds and the validity of said sale and the curative provisions of act 142 of 1935, and prayed that their respective titles be quieted and confirmed in them. The cases were consolidated for trial and resulted in a decree in favor of appellee, canceling the tax deeds issued to appellants, quieting and confirming title in and to the respective tracts in appellee. The cases are here on appeal and have been briefed together as one case.

The grounds of invalidity alleged in the complaint as abstracted by appellee are as follows:

"1st. Because the clerk did not make a certified record of the delinquent list before the day of sale, as required by § 10085 of Crawford & Moses' Digest.

"2d. Because the clerk did not make a certificate showing that he had made up a certified record from the list handed him by the collector.

"3d. Because the clerk did not file a certificate showing that the list of delinquent lands was recorded in his office before the date of sale and because the record was not in permanent form, as required by § 10085 of Crawford & Moses' Digest.

"4th. Because the clerk did not keep posted in and about his office a list of delinquent property for a period of one year, as required by § 10084 of Crawford & Moses' Digest.

"5th. Because the clerk did not advertise the sale of said lands in a newspaper having a *bona fide* circula-

tion in Bradley county by inserting in said newspaper two notices of said sale, the second insertion to have been so published two weeks before the day of sale, as required by § 10084 of Crawford & Moses' Digest.

"6th.   Because the collector of Bradley county failed to file with the county clerk by the second Monday in May, 1932, a list of all taxes levied on real estate as such collector had been unable to collect, therein describing the lands on which said delinquent taxes are charged as the same are described on the tax books; and because the collector failed to attach thereto his affidavit to the correctness of such list; as required by § 10082 of Crawford & Moses' Digest.

"7th.   Because the county clerk never did at any time have a bulletin board in the county clerk's office, or at any other place.

"8th.   Because the amount of county general tax charged is erroneous."

The decree of the trial court found that the sale of said lands in 1932 for the delinquent taxes for the year 1931 "was null and void on account of the failure of the collector and county clerk of Bradley county to comply with mandatory and jurisdictional statutes which were preliminary and prerequisite to a valid sale of lands delinquent for the taxes for the year 1931."

The decree fails to show just what the jurisdictional and mandatory requirements were which voided the sale in the opinion of the trial court, but appellants say that one was that the collector failed to file a list of delinquent lands with the county clerk by the second Monday in May as required by § 10082 of Crawford & Moses' Digest, and that the other was that the clerk of Bradley county failed to keep posted in and about his office a list of delinquent lands for a period of one year, as required by § 10084 of Crawford & Moses' Digest.   As to the first ground, it was stipulated that the second Monday in May, 1932, was on May 9th and that the collector filed his delinquent list on May 10, 1932, being one day after the second Monday in May.   Whether these are the grounds upon which the court based its decree or whether other grounds alleged in the complaint were considered is immaterial, for we

are of the opinion that neither these grounds nor the others alleged in the complaint, except the 5th and 8th, are such requirements that are not cured by the provisions of act 142 of 1935. That act provides in § 1, as follows:

"Whenever the state and county taxes have not been paid upon real or personal property within the time provided by law, and publication of the notice of the sale has been given under a valid and proper description, as provided by law, the sale of any real or personal property for the nonpayment of said taxes shall not hereafter be set aside by any proceedings at law or in equity because of any irregularity, informality or omission by any officer in the assessment of said property, the levying of said taxes, the making of the assessor's or tax book, the making or filing of the delinquent list, the recording thereof, or the recording of the list and notice of sale, or the certificate as to the publication of said notice of sale; provided," etc.

It will be noticed, as observed in *Carle* v. *Gehl*, 193 Ark. 1061, that there are two conditions under which the act undertakes to cure the defects mentioned. The first is that the tax has not been paid within the time provided by law, and the second is publication of the notice of the sale under a valid and proper description as provided by law. In *Carle* v. *Gehl, supra,* the court said: "Regarding whether or not the taxes have been paid within the time provided by law, we look to the delinquent list. Regarding the publication of notice of sale, the record required to be made by the clerk must be observed. These records are the only legal sources of information. Certainly this is true of the publication of the notice of sale." While appellee alleged as one of the grounds of invalidity of the sale that the clerk did not advertise the sale of said lands in a newspaper having a *bona fide* circulation in Bradley county by inserting in said newspaper two notices of said sale, the second insertion to be two weeks before the day of sale, as required by § 10084, Crawford & Moses' Digest, the record contradicts appellee in this respect. Notice was given by the clerk that delinquent lands would be sold by the collector on the second Mon-

day in June and his certificate shows that the notice of sale was published in Bradley county in the Eagle Democrat, a newspaper having a *bona fide* circulation therein for two weeks, the first insertion appearing on May 26, 1932, and the second on June 2, 1932. So, if we look to the notice of sale and the certificate of the clerk, as said in *Carle* v. *Gehl,* appellee is concluded on this question. But it is argued by appellee that § 10084 of Crawford & Moses' Digest requires that the delinquent list be made public by printing in the county newspaper and by posting in the county clerk's office, and that the failure to post in the county clerk's office makes the sale void, even though it is properly published in the newspaper. Appellee is wrong in this contention. That section does require the publication thereof in the newspaper and the delinquent list to be posted in the county clerk's office. The publication in the newspaper is the notice of sale and one of the conditions of applicability of act 142 of 1935 is that "publication of the notice of the sale has been given under a valid and proper description as provided by law." The posting of the delinquent list in the county clerk's office, while it is required by law, is not one of the conditions upon which the curative provisions of said act 142 depends.

Another contention made by appellee is that the amount of the county general tax charged is erroneous. The amount of the county general tax charged against the lands claimed by appellant Burbridge was $1.68, and the amount charged against the lands of appellant, Parrish, was $1. The assessed valuation in the first instance was $210, and in the latter instance, $125. The tax extended in each case amounted to eight mills. But appellee contends that under the Constitution not more than five mills could be extended for county general purposes. The other three-mill tax, no doubt, was the road tax permitted by the Constitution also, if voted by the people and there is no proof in this record that the three-mill tax for roads was not voted by the people. We will presume, therefore, that the levy was correct as it was not in excess of that permitted by the Constitution.

All of the other alleged grounds asserted by appellee are mere irregularities or informalities or omissions

which are cured by the provisions of said act 142 of 1935, hereinabove quoted. *Giller* v. *Fouke,* 193 Ark. 644, 101 S. W. 2d 783; *Stringer* v. *Conway County Bridge Dist.,* 188 Ark. 481, 65 S. W. 2d 1071; *Deaner* v. *Gwaltney,* 194 Ark. 332, 108 S. W. 2d 600. In *Stringer* v. *Conway County Bridge Dist., supra,* we held that the failure of the county clerk to post a delinquent list in and about his office was an irregularity which was cured by a confirmation under act 296 of 1929. In general, it may be said that the Legislature had the power to prescribe the conditions under which tax sales shall be made for the non-payment of taxes and the Legislature has the power to provide the conditions under which such sales shall not be held invalid by the courts, in those cases where the state had the power to sell.

The defects shown to have existed relied upon by appellee are not fundamental or jurisdictional, but were such irregularities as were cured by the curative act referred to.

The decree of the court is, therefore, reversed and the cause remanded with directions to dismiss the complaints for want of equity, and to quiet and confirm title in appellants.