GENERAL MOTORS ACCEPTANCE CORPORATION v.
PURKINS, JUDGE.

4-6735

161 S. W. 2d 398

Opinion delivered May 4, 1942.

*Barber, Henry & Thurman* and *Lowell W. Taylor,* for petitioner.

*Ike Murry* and *J. R. Wilson,* for respondent.

GREENHAW, J. Roy E. Kilgore, Deen W. Kilgore, Dail E. Kilgore, Fern J. Kilgore Nutt and Mrs. J. H. Kil-

gore filed suit in the Dallas circuit court against R. Collins Kilgore and General Motors Acceptance Corporation, seeking to recover damages arising out of an alleged breach of contract and for fraud and deception practiced upon plaintiffs by defendants.

The complaint alleged that plaintiffs and the defendant, R. Collins Kilgore, were engaged in business at Fordyce as partners, under the firm name of Kilgore Brothers, and in January, 1934, entered into a contract with General Motors Acceptance Corporation whereby it agreed to purchase commercial paper which they received in sale of Frigidaire products such as electric refrigerators, etc., it being agreed that General Motors Acceptance Corporation would retain five per cent. of the purchase price of commercial paper received on the sale of household equipment and ten per cent. of the purchase price of commercial paper received on sales of commercial equipment, to constitute a reserve fund as protection to General Motors Acceptance Corporation in the collection of the commercial paper purchased by it. It was further agreed that plaintiffs would indorse and guarantee payment of all commercial paper sold to General Motors Acceptance Corporation. The reserve fund was to be the property of Kilgore Brothers, and was to be held by General Motors Acceptance Corporation only as an additional indemnity against losses on commercial paper purchased by it from Kilgore Brothers.

Thereafter Kilgore Brothers obtained the agency for Frigidaire products in Hot Springs, and later obtained an agency in Memphis, Tennessee. R. Collins Kilgore was given power of attorney to act for the partnership in dealing with General Motors Acceptance Corporation and with McGregors, Inc., of Memphis, distributors of Frigidaire products to the respective agencies. It was alleged that financial difficulties ensued in the respective agencies, and that R. Collins Kilgore and General Motors Acceptance Corporation entered into a conspiracy to cheat and defraud plaintiffs out of the reserve fund, amounting to around $16,000, and by reason of false and fraudulent representations made by defendants, plaintiffs authorized the transfer of the accumulated reserve

to R. Collins Kilgore, who, with General Motors Acceptance Corporation, it was alleged used it to enrich themselves at plaintiffs' expense.

The complaint further alleged that R. Collins Kilgore permitted General Motors Acceptance Corporation, without the consent or knowledge of plaintiffs, to deduct as much as 20 per cent. of the amount advanced to said agencies on contracts involving household transactions, and as much as 40 per cent. on contracts involving commercial equipment.

It was further alleged that ". . . General Motors Acceptance Corporation and Collins Kilgore conceived the idea, and conspired and agreed together to promote the organization of Collins Kilgore, Inc., for the ostensible purpose of carrying on the business of buying, selling and dealing generally in goods, wares and merchandise, wholesale and retail, especially in electrical refrigeration equipment in Memphis, Tennessee, but for the real purpose of deceiving and cheating (plaintiffs) and enriching themselves at the expense of these plaintiffs by obtaining sole and exclusive control and ownership of the reserve account owned by plaintiffs and held by the defendant, General Motors Acceptance Corporation, which amounted to approximately $16,000 at that time."

Numerous other allegations of joint fraud and deception on the part of R. Collins Kilgore and General Motors Acceptance Corporation were set out, and it was alleged that by reason of the false representations and fraudulent conduct on the part of R. Collins Kilgore and General Motors Acceptance Corporation, the assets in the three agencies were dissipated, resulting in heavy losses to plaintiffs, including the $16,000 reserve fund.

General Motors Acceptance Corporation filed a motion to quash service of summons on it, for the reason that it has no branch office or other place of business in Dallas county, and that the defendant, R. Collins Kilgore, was not a *bona fide* defendant, and was made a defendant only for the purpose of bringing General Motors Acceptance Corporation within the jurisdiction of the Dallas circuit court. The motion was overruled. The record

shows that summons was served upon R. Collins Kilgore in Dallas county, and service was had upon General Motors Acceptance Corporation by service of summons upon its agent designated for service of process in Pulaski county, where its office and place of business, as a foreign corporation duly authorized to do business in Arkansas, is located.

General Motors Acceptance Corporation has filed a petition in this court for a writ of prohibition, seeking to prohibit the trial of this case in the Dallas circuit court, and insists that the Dallas circuit court has no jurisdiction for the reason that a joint cause of action against R. Collins Kilgore and General Motors Acceptance Corporation was not alleged in the complaint.

Many of the allegations of the complaint are not pertinent to the issue involved upon petition for prohibition. It is conceded that if a case of joint liability has been alleged against R. Collins Kilgore and General Motors Acceptance Corporation the Dallas circuit court has jurisdiction, in which event prohibition would not lie. We have carefully studied the lengthy complaint filed in this case, and have reached the conclusion that a joint cause of action has been alleged.

In *Teal* v. *Thompson,* 180 Ark. 63, 20 S. W. 2d 307, it was held that courts regard substance of pleadings rather than form, and in *Wade* v. *Brocato,* 192 Ark. 826, 95 S. W. 2d 94, it was stated that pleadings under the Code are liberally construed. In *Harnwell* v. *Arkansas Rice Growers' Cooperative Association,* 169 Ark. 622, 276 S. W. 371, it was held that every reasonable intendment and presumption should be indulged in favor of a pleading.

Whether there is joint liability under the pleadings in this cause will depend upon the facts as developed in the trial. The lower court held that under the pleadings there was no joint liability of R. Collins Kilgore and General Motors Acceptance Corporation for breach of contract which would give the Dallas circuit court jurisdiction of General Motors Acceptance Corporation, but that a joint cause of action against them in tort was

alleged. Giving the complaint a liberal construction, under the rule that every reasonable intendment and presumption should be made in favor thereof, we are unable to say that a case of joint liability against R. Collins Kilgore and General Motors Acceptance Corporation in tort has not been alleged.

The petition for writ of prohibition is, therefore, denied.