Hilliard *v.* Yim.

4-7328                                      179 S. W. 2d 456

Opinion delivered April 17, 1944.

J. A. Watkins, for appellant.

John L. Sullivan, for appellee.

McHaney, J. Appellants, husband and wife, brought this action of unlawful detainer against appellee for the possession of lot 7, block 43, Wright's Addition to the city of Little Rock. They alleged that they were the owners of said property, having purchased same on November 12, 1942; that appellee was a tenant in possession of said property at the time of their purchase and had refused to surrender the possession of said property to them, after due notice to him so to do. Appellee's answer denied ownership in appellants and denied the relation of landlord and tenant. He asserted that Virdella Hankins, mother of appellant, Vernice Hilliard, was the owner and appellee was her tenant; that she had tried to remove him from the premises through the OPA, but had been refused this right; and that thereafter she conceived the idea of transferring said property to appellants, her daughter and son-in-law, by an alleged deed which is void, and made solely for the purpose of evading the ruling of the OPA.

Trial resulted in a verdict and judgment for appellee, and this appeal followed.

162

An action of unlawful detainer presupposes the relation of landlord and tenant. We have several times held that such an action will not lie unless that relationship exists. Section 6035 of Pope's Digest and cases there cited. If appellants are not the owners of said property, the relation of landlord and tenant could not exist, and, hence, the action would not lie. The court instructed the jury that if they found from a preponderance of the evidence that Virdella Hankins is, in fact, the true owner of said property, and that the deed executed by her on November 12, 1942, was, in fact, the result of a collusive agreement between her and appellants, without intent to pass the title to said property, but solely to hold for her benefit, then they should find for appellee. As stated above the jury found for appellee, and, necessarily, that appellants were not the owners. That finding is based on substantial evidence. The deed recited a consideration of one dollar and love and affection, was dated and acknowledged November 12, 1942, but was not filed for record until January 7, 1943. Virdella Hankins continued to exercise acts of ownership over the property after the date of her deed, such as receiving the rents and demanding possession. On December 19, 1942, she wrote appellee a letter demanding possession in which she said: ''I want my house, I am moving in on you if you don't move out.''

The motion for a new trial raises only the sufficiency of the evidence to support the verdict and judgment, and we think it is sufficient.

Affirmed.