326

Loren W. Myers *v.* Vence Majors

5-4200                                                 413 S. W. 2d 661

Opinion delivered April 17, 1967

*Gus Causbie,* for appellant.

*Sullivan & Orr,* for appellee.

Carleton Harris, Chief Justice. Vence Majors, appellee herein, instituted suit against Loren W. Myers, appellant herein, alleging that he furnished labor and materials for appellant in the total amount of $901.00, said labor being performed, and materials furnished, in drilling a water well on property belonging to Myers; that this amount remained unpaid.[1] An itemized account was attached to the complaint, and appellee had previously, within proper time, served a notice of his claim upon appellant, as required by law. Myers answered the complaint with a general denial, but subsequently amended his answer to allege that appellee, because of faulty workmanship, or some unknown cause, "is attempting to charge against the Defendant an additional 85 feet of 6½ inch casing and a cost of $170.00 which was used entirely because of the fault of the Plaintiff in the alleged

[1] The total amount originally claimed was $1,026.00, but Myers was given credit on the account for $125.00, which had been paid before the suit was instituted.

drilling of the well." It was further asserted that the water in the well was unsafe for drinking purposes, and that the well was unsatisfactory and unsuitable for domestic use. On trial, the jury returned a verdict for Majors in the sum of $901.00, and from the judgment entered on this verdict, appellant brings this appeal. For reversal, it is asserted that the court erred in permitting appellee to testify that he had entered into a contract to drill a well over the objection of Myers, because no contract had been mentioned in the pleadings, and further, the court erred in refusing to grant an instructed verdict for appellant.

Majors testified that he commenced drilling a well for Myers on February 5, 1965, and completed it on March 21, 1965, and that he considered his part of the contract concluded at that time. He testified that the parties orally agreed on a price of $3.00 per foot for the drilling and $2.00 per foot for the casing, which was to be paid when the well was completed. Majors stated that appellant had only paid $125.00 of the agreed price, and that $901.00 remained due. Counsel for Myers objected to any testimony about an agreement on the basis, "there is no contract mentioned in the complaint," but this objection was overruled by the court. This, then, is appellant's argument for reversal, i.e., that there is no allegation in the complaint that the claim for a lien was founded on contract, and this allegation (appellant states) was essential to the validity of the complaint. We agree that our cases hold that this type of lien is based upon contract, but we do not agree that appellee's failure to specifically set out in the complaint that the claim was so based, was fatal. Our statute, Ark. Stat. Ann. § 51-701 (1947), provides that the claimed lien shall be based upon a contract, "express or implied." Of course, Majors' testimony was quite specific and related an express contract, and the complaint itself certainly *implied* a contract. It would be a most unusual occurrence for an individual to expend time and money digging a well on another's land (except through mistake, not here involved), unless he had already entered into an agreement

with the owner to do so. Appellee asserted that he had furnished labor and materials for Myers between certain dates, and further alleged the value of the services and materials. We have stated many times that courts regard the substance of pleadings, rather than form, and we have also said that pleadings under the code are to be liberally construed. *General Motors Acceptance Corporation* v. *Purkins, Judge,* 204 Ark. 229, 161 S. W. 2d 398. At any rate, after filing his answer, appellant amended same, as set out in Paragraph One of this opinion, by asserting that Majors' charges included additional casing, "which was used entirely because of the fault of the plaintiff in the alleged drilling of the well." This assertion, along with other allegations in the amendment, also heretofore mentioned, constitutes an admission that *some type* of contract was entered into.

This, of course, is not a case where appellee pursued a completely different theory on trial from that advanced by the allegations in the complaint; certainly appellant was not surprised, and he was not prejudiced by the court's action in overruling his objection. Nor were any pleadings filed attacking the sufficiency of the complaint.

The jury heard the evidence, including the testimony by appellant, that he did not agree to pay for extra pipe, and further, that he had only agreed to pay Majors, if the latter "drilled a well and got good water." The jury, trier of the facts, found for appellee.

Finding no reversible error, the judgment is affirmed.