FAVER *v.* WAYNE.

Opinion delivered April 22, 1918.

1. IMPROVEMENT DISTRICTS—ORGANIZATION—AMOUNT OF BENEFITS AND OF ASSESSMENTS.—In the organization of an improvement district, as to the cost of the improvement, the Legislature may leave the commissioners untrammeled by any limitation save the constitutional limitation that the cost of the improvements must not exceed the benefits.

2. IMPROVEMENT DISTRICTS—ORGANIZATION—LIMITATION UPON COST.—In organizing an improvement district the Legislature need not designate any per cent. of the assessed value as a limitation upon the cost of the improvement.

3. CURATIVE ACTS—RULE—THING OMITTED.—The rule in regard to curative or healing acts is, that if the thing omitted or not done, and which constitutes a defect in the proceedings, is something which the Legislature might have dispensed with by a previous statute, it may do so by a subsequent one.

4. STATUTES—CONSTRUCTION.—Courts will harmonize all the provisions of a statute, and give effect to it, where it can be done without violence to the language used.

Appeal from Pulaski Chancery Court; *Jno. E. Martineau,* Chancellor; affirmed.

*J. A. Comer* and *Cohn, Clayton & Cohn,* for appellant.

1. The district was void. Act 338, Acts 1915; 123 Ark. 205; 86 *Id.* 1; 55 *Id.* 148; 48 *Id.* 308; 75 *Id.* 120-6, etc.

2. The act being void it could not be cured by the act of 1917. 123 Ark. 205; 118 *Id.* 119-123; 126 *Id.* 416; 122 *Id.* 491; 119 *Id.* 188.

3. It does not revive or revitalize the void acts of the district. 69 Ark. 68-76; 18 *Id.* 119; 123 *Id.* 205.

*Grover T. Owens* and *Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellees.

1. The curative act is valid and cures all defects. 43 Ark. 421; 44 *Id.* 365; 45 *Id.* 41; 47 *Id.* 414; 50 *Id.* 298; 58 *Id.* 117; 62 *Id.* 79; 85 *Id.* 525; 90 *Id.* 339; 83 *Id.* 348; 84 *Id.* 393; 98 *Id.* 113. See also 107 *Id.* 291; 112 *Id.* 360; 116 *Id.* 177; 102 *Id.* 411; 103 *Id.* 299. The act is valid and constitutional.

2. The cost of the work is not limited to 30 per cent. of the assessed value. 79 Ark. 229. There is no limitation in the act. The plans were approved and all the acts of the commissioners ratified.

WOOD, J. Road Improvement District No. 7 was organized under what is known as the Alexander Road Law (Act 338 of the Acts of 1915), before that law was construed by this court in *Lamberson* v. *Collins,* 123 Ark. 205. The district was invalid because of a failure to comply with the provisions of the first section of the Alexander act as construed in *Lamberson* v. *Collins, supra.* In 1917 the Legislature passed the following act: Act 115:

"An act to cure all irregularities in the organization of Road Improvement District No. 7 of Pulaski County,

and to establish the same as a road improvement district under the terms of Act 338 of the session of 1915.''

"Section 1. All irregularities and errors in the organization of Road Improvement District No. 7 of Pulaski County are hereby cured, and said district is hereby established as a road improvement district under the terms of the act of the General Assembly of the State of Arkansas of the year 1915, entitled, 'An act providing for the creation and establishment of road improvement districts for the purpose of building, constructing and maintaining the highways of the State of Arkansas,' approved March 30, 1915, being Act No. 338 of the session of that year, with all the powers granted and all the liabilities imposed by the terms of said act.

"Section 2. The appointment of J. R. Wayne, T. L. Hughes and W. M. Morris, as commissioners of said district, is hereby ratified, and they are hereby re-appointed, and it is made their duty to construct, maintain and repair the roads contemplated in their revised plans as filed in the office of the county clerk of Pulaski County, which plans are hereby expressly approved; and all acts of the said commissioners heretofore performed by them, and all contracts made by them are hereby ratified and confirmed, and the said commissioners are directed to carry out said contracts.

"Section 3. The assessment of benefits heretofore made by the assessors of said district is hereby declared to be just, equal and proportionate, and the same is in all things confirmed and declared to be the assessment of benefits for said district, until a reassessment shall be ordered according to law. The appointment of J. R. Alexander, Thomas Landrith and H. A. Wayne, as assessors of said district, is hereby ratified and confirmed.

"Section 4. Said district shall consist of the following territory in Pulaski County, as laid off by the county court of said county, to-wit: (Here follows the land embraced in the district described).

"Section 5.  This act being for the immediate pres-
ervation of the public peace, health and safety, an emer-
gency is hereby declared, and this act shall take effect
and be in force from and after its passage.  Approved
February 22, 1917."

The purpose of the above act is expressed in its
title and is clearly shown in the first section.  It was to
cure all irregularities in the organization of Road Im-
provement District No. 7 and to establish the same just
as though the Alexander law, as construed in *Lamber-
son* v. *Collins, supra,* had been complied with.

The act creates and establishes a complete improve-
ment district under the Alexander law "with all the
powers granted and all the liabilities imposed by the
terms of said act."  But the second section of the act
after re-appointing the commissioners that had been
named "made it their duty to construct, maintain and
repair the roads contemplated in their revised plans as
filed in the office of the county clerk of Pulaski County,"
which plans were expressly approved and all the acts
of the commissioners that had been previously per-
formed and all the contracts that had been made by them
were ratified and confirmed and the commissioners were
directed to carry out said contracts.

By section three the assessment of benefits that had
been made by the assessors was approved and declared
to be the assessment of benefits for the district until a
reassessment should be ordered according to law.

By section four the land composing the district was
described.  So the act eliminated the defects which ren-
dered the district invalid under the Alexander law, and
ordered the commissioners to complete the improvement
as contemplated under the revised plans.

As we construe the second section of the act the com-
mand to the commissioners therein contained, to carry out
the contracts made for the construction of the improve-
ment according to the revised plans then on file, is im-
perative.  By thus expressly approving the revised

plans, on file in the office of the county clerk, and requiring that the improvement be completed according to these plans, it must be conclusively presumed that the Legislature investigated these plans and ascertained the cost of the improvement under the contracts for the carrying out of the improvement according to the plans. The Legislature, therefore, knew that the cost of the improvement would exceed thirty per cent. of the assessed value of the property in the district and must be held to have intended to validate the acts of the commissioners in entering into contracts for the completion of improvements and repairs which contemplated a cost in excess of the limitation as contained in section 28 of the Alexander law.

(1-2) The filing of revised plans and entering into contracts to construct an improvement according to these revised plans which would cost more than thirty per cent. of the assessed value of the property in the district would under the Alexander law have rendered the contracts invalid. But, so long as the cost of the improvements did not exceed the benefits, it was within the province of the Legislature to leave the commissioners untrammeled by any other than this constitutional limitation. The Legislature could have dispensed with the thirty per cent. limitation as to the cost of the improvement in the first instance. It was entirely within its constitutional province to do so, and it has done so in the curative enactment under review.

(3) It is not alleged, and not pretended by the appellants, that the cost of the improvement according to the revised plans would exceed the benefits. Keeping in view this limitation, if the Legislature had seen proper in the first instance not to designate any per cent. of the assessed value as a limitation upon the cost of the improvement, it could have done so. In *Green* v. *Abraham,* 43 Ark. 421, we quoted the following from Judge Cooley which expresses the law upon the subject: "The rule in regard to healing acts is this; if the thing omitted or

failed to be done, and which constitutes the defect in the proceedings, is something which the Legislature might have dispensed with by a previous statute, it may do so by a subsequent one.'' This rule has been repeatedly followed since. *Bell* v. *Phillips,* 116 Ark. 177; *Pelt* v. *Payne,* 90 Ark. 603; *Stuttgart* v. *John,* 85 Ark. 525; *Lanzer* v. *Butt,* 84 Ark. 339; *Sudberry* v. *Graves,* 83 Ark. 348.

(4) Learned counsel for the appellees in their reply brief quote the language of the first section of the act, under review, as if it read ''with all the powers granted and all the limitations imposed by the terms of said act'' of 1915. But the language of the first section is ''with all the powers granted and all the liabilities imposed by the terms of said act.'' The words ''liabilities'' and ''limitations'' are not synonymous. Where it can be done without violence to the language used, it is our duty to harmonize all the provisions of the statute and thus give effect to the act of the Legislature.

An examination of the Alexander law will discover that there are various powers conferred upon the commissioners. And the act under review refers to all the powers that they have under the Alexander road law, but without the limitation upon those powers as contained in section 28 of the Alexander law. The construction thus given the act harmonizes the second section with the other provisions and makes the act complete. But, if appellant's contention were sound, no effect whatever could be given the second section of the act, and the legislative purpose, as plainly indicated by the language of the act when considered as a whole, would be defeated.

The cause was heard upon demurrer to a complaint which challenged the validity of the act and the authority of the commissioners to complete the improvement as therein directed. The court sustained the demurrer and entered a decree dismissing the complaint for the want of equity. The ruling of the court was correct, and the decree is, therefore, affirmed.