CARLE *v.* GEHL.

4-4569

Opinion delivered April 26, 1937.

*Wm. C. Gibson* and *M. F. Elms,* for appellant.
*Mike McCuing* and *W. A. Leach,* for appellee.

*Ector R. Johnson, J. M. Futrell, P. A. Lasley, E. F. McFaddin, James G. Coston* and *J. T. Coston, amici curiae.*

BUTLER, J. This suit was filed in the Arkansas circuit court to test the validity of a tax sale made on the second Monday in June, 1932, for the tax delinquent for year, 1931. The specific property involved was six lots in block 10 of Flood's Addition to the town of Stuttgart, situated in the Northern District of Arkansas county. Upon the facts agreed, the trial court found that the sale was void and that same was not cured by act No. 142 of the Acts of 1935. The facts as agreed are that appellee, on the 8th day of June, 1932, the same being the second Monday thereof, was the owner of the lots involved and, at the time of the institution of the suit, was still the owner, subject to the rights and title that the appellant might have acquired therein; that at the collector's sale, made on the 2d day of June, 1932, said lots were sold to the state of Arkansas for taxes, penalties and costs due for the year, 1931, and, after the time for redemption had expired, were certified to the state as forfeited lands; that the amount of said tax, etc., for which the lands were sold is $57.82; that appellant purchased said property from the state, paying therefor the sum of $161.50, and a deed was duly executed by the state conveying said lands to him. Appellant took possession of said lands and is now in actual possession thereof.

It is further agreed (1) that said lots were assessed together as one tract under a single valuation and were sold *en masse* for a lump sum; (2) that the county superintendent of schools for Arkansas county did not file in the office of the county clerk record of the proceedings of the county board of education showing school district taxes voted at the annual school election had and held in the year, 1931, and that the clerk of Arkansas county failed to record such report in the record kept for that purpose as required by act No. 503 of the Acts of 1921, and that the amount for which said lots were sold on the 8th day of June, 1932, included the district school tax for the year, 1931; (3) that the county clerk failed to

record at the foot of the delinquent list for lands in the Northern District of Arkansas county notice of sale of delinquent lands and failed to certify on said record the publication of said delinquent list for two weeks in succession between the second Monday in May and the second Monday in June, 1932, as required by § 10084, Crawford & Moses' Digest; (4) that the clerk of Arkansas county failed to record in the Northern District of Arkansas county list of lands delinquent for the year, 1931, as required by § 8355 of Crawford & Moses' Digest.

Appellant admits that any of these irregularities would render the sale invalid unless cured by the provisions of act No. 142 of the 1935 legislature, but it is contended that the effect of this act was to cure the defects admitted to exist and that the trial court erred in holding otherwise. The applicable portion of the act relied upon is comprised of one section and is as follows:

"Whenever the state and county taxes have not been paid upon any real or personal property within the time provided by law, and publication of the notice of the sale has been given under a valid and proper description, as provided by law, the sale of any real or personal property for the nonpayment of said taxes shall not hereafter be set aside by any proceedings at law or in equity because of any irregularity, informality or omission by any officer in the assessment of said property, the levying of said taxes, the making of the assessor's or tax book, the making or filing of the delinquent list, the recording thereof, or the recording of the list and notice of sale, or the certificate as to the publication of said notice of sale; provided, that this act shall not apply to any suit now pending seeking to set aside any such sale, or to any suit brought within six months from the effective date of this act for the purpose of setting aside any such sale."

Since the judgment in the court below and the filing of the case in this court, act No. 264 of the Acts of 1937, in express terms, repeals act No. 142 of the Acts of 1935 relied upon by appellant. In one of the supplemental briefs, filed by counsel when their attention was called to the repeal of act No. 142, the position is taken that as

the remedy provided by said act invoked in the pending proceeding no longer exists all rights under it are concluded by its repeal. In other briefs the same contention is made on the theory that act No. 142 should be treated as a statute of limitation. There is authority to support these contentions, but whatever the law may have been in other jurisdictions, even that supported by the weight of authority, it has no effect because of the effect of § 9759 of Crawford & Moses' Digest which is as follows: "No action, plea, prosecution or proceeding, civil or criminal, pending at the time any statutory provisions shall be repealed, shall be affected by such repeal, but the same shall proceed in all respects as if such statutory provisions had remained in force." So far, then, as the instant case is concerned, and all others filed prior to the repealing act, act No. 142 of the Acts of 1935 is in full force and effect, and the questions are, (1) was the act within the power of the Legislature and, (2) if so, what is its effect? It is suggested that the act is a statute of limitation and can have no retroactive effect. In this we think learned counsel mistaken. Within the well-recognized definition of curative act, act No. 142 is one. That definition is as follows: "A curative act is one intended to give legal effect to some past act or transaction which is ineffective because of neglect to comply with some requirement of law." This is clearly the purpose of act No. 142 and, as such, is necessarily retroactive.

It is suggested in argument that the above quoted statute was in excess of the power of the Legislature in that its effect was to destroy a vested right and to strike down meritorious defenses as that term has been defined by this court. Learned counsel for appellee, in their excellent brief, argue that this is the only logical conclusion to be reached based on the decisions of this court which, they contend, announce the doctrine that where a tax sale is invalid for any irregularity, informality, illegality or omission on the part of any officer having any duty to perform in connection with the tax proceedings or tax sale, such are meritorious defenses beyond the power of the Legislature to validate even though the requirement,

failure to comply with which, constitutes the irregularity, illegality or omission of duty rendering the sale invalid, could have been dispensed with by the Legislature in the first instance.

The argument made based on our cases, which are cited, is a logical and persuasive presentation of the position taken. It demands and has been given respectful and thorough consideration, but does not convince us of its correctness. We think this view is based largely upon the inaccurate use of the word "void" for "voidable" in many of our decisions. In some of these cases the causes for which tax sales were set aside were palpable irregularities, such as the collector's certificate or affidavit being signed by a deputy sheriff instead of a deputy collector which irregularity could work no real injury to the land owners, and which, in no sense, could be deemed to be a meritorious defense. When the distinction between those omissions or acts which render the sale voidable only and those which are of that gravity which make the sale void is kept in mind, it seems that the effect of our decisions is that to constitute a meritorious defense to a tax sale there must be some act or omission to deprive the former owner of some substantial right. *Green* v. *Abraham,* 43 Ark. 420; *Radcliff* v. *Scruggs,* 46 Ark. 96, and *Faver* v. *Wayne,* 134 Ark. 30, 203 S. W. 22. A meritorious defense goes to the lack of power to make the sale; an irregularity is the exercise of the power in an unauthorized manner or an omission by the officer to do some act required by the statute in the exercise of this power. As we view act No. 142, *supra,* there is nothing in it which attempts to deprive the land owner of any substantial right, but only acts as a cure for the defects in the proceedings or omissions therein which might originally have been dispensed with.

The Legislature could not dispense with the necessity for the listing and assessing of the property under a valid description or for the levying of the tax upon the property according to its value at a rate not in excess of constitutional limits, or for a sale of the property under proper description by the collector thereunto duly author-

ized for delinquent and unpaid taxes, or for the sale of the property by the collector under the power. All of these are necessary; to describe the property, ascertain its value by a due assessment and to fix the legal proportion or rate of the tax and to authorize some designated officer to receive the tax, sell in default of payment and to convey the property to one who will pay the taxes due thereon.

Beyond question it is within the power of the Legislature to provide for the rules by which the foregoing exercise of power may be made both as to time and form, and, having the power in the first place to make such rules, indubitably the Legislature has the power to alter or dispense with the same. Act No. 142 merely provides that irregularities in the assessment or levy should not be ground for setting aside the tax sale. The same provision is made for irregularities in making and filing a delinquent list, the recording of the list and notice of sale or of the certificate of the publication of said notice. As all of these requirements might have been dispensed with in the first instance, sales which otherwise would have been invalid for errors or irregularities in these respects are within the power of the Legislature to cure and validate. This conclusion must be reached if any effect is given to the principle declared in *Johnson* v. *Richardson*, 44 Ark. 365; *Radcliff* v. *Scruggs* and *Favor* v. *Wayne*, supra, which find full support in the decisions of courts of other jurisdictions, and also to the recent case of *Giller* v. *Fouke*, ante, p. 644, 101 S. W. (2d) 783, and cases therein cited.

In passing, we notice the argument made in one of the briefs *amici curiae* in support of the contention that the act under consideration is prospective in its operation based upon the contention that acts No. 142 and 119 of the Acts of 1935 are *in pari materia* and, therefore, should be construed together. It is urged that act No. 119 became effective subsequent to act No. 142 and prevails over it. We think the two acts deal with unrelated subjects. One is to protect individual tax purchasers, the other to provide for procedure in the courts whereby,

under certain circumstances, the title of lands forfeited to the state might be cured and perfected in it.

When the provisions of act No. 142, quoted *supra,* are considered, it will be observed that before the beneficial features of the act can apply to any particular tax purchaser certain conditions must appear. One is that the state and county taxes have not been paid upon any real or personal property within the time provided by law; another is that the publication of the notice of sale has been given under a valid and proper description. To ascertain the existence of these prerequisites in act No. 142, we must look to the record. Regarding whether or not the taxes have been paid within the time provided by law we look to the delinquent list. Regarding the publication of notice of sale, the record required to be made by the clerk must be observed. These records are the only legal sources of information. Certainly, this is true of the publication of the notice of sale. *Alexander* v. *Capps,* 100 Ark. 488, 140 S. W. 722; *Thompson* v. *Spires,* 180 Ark. 671, 22 S. W. (2d) 553. It is admitted that neither the delinquent list nor the publication of notice of sale was recorded as provided by law. These are not irregularities, but matters of substance which prevent the application of the curative features of the act to those claiming under that tax sale. In the case before us, there is no irregularity in the certificate as to the length of time in which the notice of sale was published as in the case of *McLaughlin* v. *Fisher,* 141 Ark. 629, 218 S. W. 199, but an entire omission to make any proof of the publication of the notice. Furthermore, there was no irregularity in the manner of recording or in the record of the list of lands delinquent, but a complete failure to make any such record at all. The act cures only irregularities, informalities or omissions of the officer. The omission referred to in the statute means of course the failure to employ some word or omit some other matter required by the statute, but should not be construed as covering the complete failure of the officer to observe the requirement of the statute in some important particular. And, certainly, the filing and certifying of the delinquent list

and the notice of publication are matters of this character.

It is true, each separate lot was correctly described, but they were not assessed separately as provided by law, but together as one tract under a single valuation and were sold *en masse* for a lump sum. In order that the irregularities mentioned might be available it was necessary that the notice of sale be given under valid and proper description as provided by law. We do not think that the assessment of the six lots as one tract at a single sum was a valid and proper description and, for this reason, appellant is in no position to invoke the curative features of the act. We think any one of the foregoing reasons, without considering the question of the levy, is sufficient to make the act inapplicable and to sustain the decree of the court below.

The trial court, in determining the amount to be paid by appellee owner to the appellant tax purchaser, followed the rule announced by this court in the case of *Neal* v. *Gatz*, 187 Ark. 785, 62 S. W. (2d) 945. Appellee, on cross-appeal, contends that this case cannot be defended on precedent and should be overruled. That case was carefully considered and we thought, and still think, the result there reached was equitable and just, and now decline to alter or impair the rule there announced.

The decree of the trial court, both on direct and cross-appeal, is affirmed.