FOSTER *v.* REYNOLDS.

4-4842

Opinion delivered December 6, 1937.

*A. D.. Chavis,* for appellant.

*Reinberger & Reinberger* and *E. D. Dupree, Jr.,* for appellee.

McHANEY, J. Appellant is the sole heir at law of his sister, Eliza Wells. He instituted this action against appellee to set aside a tax deed issued to appellee from the state to a certain tract of property, formerly owned by said Eliza Wells and described in his complaint as follows: "Commencing at the northeast corner of the northwest quarter of northwest quarter of section 22, township 6 south, range 9 west, for a point of beginning, running thence west 69 yards, thence south 35 yards, thence east 69 yards, thence north 35 yards, to the point of beginning." It appears that said land had been platted and it was described on the tax books as lot 1 of northwest quarter of northwest quarter of section 22, township 6 south, range 9 west, in which latter description it was for-

6

feited and sold to the state of Arkansas for the taxes of 1931, payable in 1932. Not having been redeemed in the time provided by law, it was certified to the state, and on the 21st day of January, 1936, appellee applied to the state land commissioner to purchase same and he received a deed from the state, describing the land as lot 1, northwest northwest, section 22, township 6 south, range 9 west, one-half acres.

Appellant contended in the court below and contends here that the forfeiture and sale were void for four reasons: 1. That the description of the land in appellant's tax deed is erroneous, indefinite and uncertain. 2. That there was no certificate of the county clerk to the delinquent list before the sale. 3. That the certificate of the clerk was not sworn to or certified to by the clerk, and 4, that the school tax against said property was not properly levied. Appellee defended on two grounds. One was that he had an oral agreement with Eliza Wells in her lifetime that he would purchase this and other property belonging to her from the state, this in his name and the other in her name, and that he would make certain improvements on this property and take care of her during the remainder of her life and that at her death he should become the absolute owner of said property. The other defense was that the alleged irregularities in the forfeiture and sale of said property to the state were cured by act 142 of 1935.

The trial court found against appellant and entered a decree dismissing his complaint and quieted and confirmed title to said property in appellee on the first ground above mentioned.

We agree with the result reached by the trial court, but prefer to base our decision upon the curative provisions of act 142 of 1935. It is first contended by appellant that the description of the property in the tax deed to appellee is erroneous, indefinite, insufficient and misleading; that it does not identify the land or notify the owner as to the tax sale and is, therefore, void. We cannot agree with appellant in this contention. The description employed in the deed from the state to appellee is an accurate description of the property as reflected by a plat

or map made by J. D. White, county surveyor, and referred to in the deed from Eliza Wells' father and mother, from whom the property was conveyed to her. Said deed first describes the property as hereinabove first set forth and then continues as follows: "and being further described on the plat or map made by J. B. White, county surveyor, filed August 29, 1911, and appearing in plat book 2, page 38, as lot one of the northwest quarter of the northwest quarter of section twenty-two, township six south, range nine west." Either description, therefore, is a correct description of the one-half acre of land in controversy, the latter being used to describe it on the tax books, and the description in which it was sold to the state and in which the state sold it to appellee.

The other grounds of invalidity of the sale and forfeiture to the state are cured by the provisions of act 142 of 1935. While that act has been repealed, it is expressly provided in the repealing act that it should not affect pending litigation, and this suit was brought while said act 142 was in effect, the grounds alleged being mere irregularities and are cured by the provisions of said act. *Carle* v. *Gehl,* 193 Ark. 1061, 104 S. W. 2d 445.

The decree of the chancery court is correct, and must be affirmed. It is so ordered.