KOSEK *v.* WALKER.

4-5131

Opinion delivered June 27, 1938.

*A. D. Pope,* for appellant.

*Henry Stevens,* for appellee.

SMITH, J. Appellee challenges by this suit the validity of the sale to the state of two tracts of land owned by him in 1934 for the nonpayment of the taxes due thereon for the year 1933. No serious contention is made that the sale was valid, indeed, it appears to have been invalid for several different reasons. The insistence of appellant, who purchased the land from the state after the period of redemption had expired and the forfeiture had been certified to the state, is that the infirmities of the tax sale were cured by act 142 of the Acts of 1935 (Acts 1935, p. 402). This act 142 was repealed by act 264 of the Acts of 1937 (Acts 1937, p. 933), which act 264 was approved March 17, 1937. It contained the emergency clause, making it effective from the date of its approval.

Act 142, *supra,* purported to cure the infirmities of sales for state and county taxes where the "publication

of the notice of the sale has been given under a valid and proper description as provided by law," and it was upheld as valid legislation in the case of *Carle* v. *Gehl*, 193 Ark. 1061, 104 S. W. 2d 445, as a curative act, and not as a statute of limitations. It was insisted in that case that act 142 could not be there applied because it had been repealed by act 264 of the Acts of 1937. We held against that contention for the reason that the suit involving the sale was pending and undetermined when the repealing act of 1937 was passed, and as authority for that holding quoted § 9759, Crawford & Moses' Digest (§ 13284, Pope's Digest), reading as follows: "No action, plea, prosecution or proceeding, civil or criminal, pending at the time any statutory provisions shall be repealed, shall be affected by such repeal, but the same shall proceed in all respects as if such statutory provisions had remained in force."

Act 142 was held applicable in that case because the suit was pending when the repealing act was passed. Here, the repealing act had been passed before the instant suit was filed, it having been commenced by the publication of a warning order on June 17, 1937.

The infirmities of the tax sale herein involved were, therefore, not cured by act 142, and appellant's contention that act 142 is still effective as to all tax sales made prior to the passage of said act 264 cannot be sustained. Upon the passage of act 264 tax sales became subject to any attack upon them to which they were open prior to the passage of act 142 except only those sales which were being litigated when the repealing act 264 was passed.

This view accords with the decree here appealed from, and it is, therefore, affirmed.