SANDERSON *v.* WALLS.

4-5943                             140 S. W. 2d 117

Opinion delivered May 6, 1940.

*M. E. Sanderson,* for appellant.

*C. E. Johnson,* for appellee.

SMITH, J. The State of Arkansas filed suit in the Little River chancery court on August 29, 1936, to confirm its title under the sale and forfeiture to it of certain lands for the nonpayment of the 1932 general taxes, made in 1933. The suit was filed under Act 119 of the Acts of 1935, and a number of land owners filed interventions under the provisions of this act, in which they alleged that the sale for the 1932 taxes was invalid for various reasons. This act permitted the intervening land owners to redeem their lands, thereby defeating the confirmation, upon the showing "that the sale to the State was void for any cause."

Cobb was one of the land owners thus intervening.

Montgomery purchased the land claimed by Cobb after the confirmation suit had been filed, and was permitted to file an answer alleging that he had acquired the state's title, and he pleaded the provisions of act 142 of the Acts of 1935, which was then in effect, as having cured the invalidity of the tax sale. The court below so found, and dismissed the intervention of Cobb and quieted the title of Montgomery.

An appeal from that decree was duly prosecuted, which was disposed of by an opinion of this court delivered February 26, 1940. The reversal of that decree was prayed upon the ground that the tax sale was void and a redemption should have been permitted. The sale to the state was alleged to be invalid for the reason that the school taxes had not been properly assessed

and notice of the sale had not been published as required by law. It was disclosed by the record in that case that the list of delinquent lands was not marked filed by the collector with the county court clerk until June 6, 1933, and the sale was had on June 12, 1933. It was, therefore, held in the opinion in the Cobb case that as a notice of the sale was not given as required by law the curative provisions of act 142 of the Acts of 1935 were not applicable, inasmuch as that act provided that its curative provisions might not be invoked unless "a publication of the notice of sale has been given under a valid and proper description as provided by law."

That opinion, read in the light of the facts which it recites, appears to be sound; but no brief was filed for appellee, and it was overlooked that the record in that case disclosed the fact to be that a publication of the notice of sale had been given under a valid and proper description as provided by law, the fact being that the notice of sale was published in a local paper in its issues of May 24th and May 31st, 1933, and the sale occurred on June 12th. The notice was, therefore, published for the time and in the manner required by law.

The case of *McWilliams* v. *Clampitt*, 195 Ark. 908, 115 S. W. 2d 280, is not to the contrary. That case involved a tax sale made in Columbia county, and, like the instant case, was a sale for the 1932 taxes. The notice of sale in that case was published in a local newspaper on June 1st, and again on June 8th, 1933, and as the sale was held on June 12th it was there said that proper publication was not had "where the first publication of the notice was made, as in this case, only eleven days before the day of sale. Here, as has been said, the first publication was made May 24th, and the two weeks' notice required by § 5 of act 250 of 1933, under which statute the sale was made, was, in fact, given, as shown by the record in which the notice of sale was recorded. *Carle* v. *Gehl*, 193 Ark. 1061, 104 S. W. 2d 445.

We were in error, therefore, in holding, in the case of *Cobb* v. *Montgomery*, that act 142 of the Acts of 1935 did not apply, the reason for holding it inapplicable

being that notice of sale had not been published as required by law.

It is not questioned that act 142 was effective when the proceedings here under review were had. Its provisions must, therefore, be applied notwithstanding its subsequent repeal. *Carle* v. *Gehl*, 193 Ark. 1061, 104 S. W. 2d 445; *Deaner* v. *Gwaltney*, 194 Ark. 332, 108 S. W. 2d 600; *Gilley* v. *Southern Corporation*, 194 Ark. 1134, 110 S. W. 2d 509; *Kansas City Life Ins. Co.* v. *Moss*, 196 Ark. 553, 118 S. W. 2d 873; *Foster* v. *Reynolds*, 195 Ark. 5, 110 S. W. 2d 689; *Security Products Co.* v. *Booker*, 195 Ark. 843, 115 S. W. 2d 870; *Burbridge* v. *Crawford*, 195 Ark. 191, 112 S. W. 2d 423; *Wallace* v. *Todd*, 195 Ark. 134, 111 S. W. 2d 472; *Kosek* v. *Walker*, 196 Ark. 656, 118 S. W. 2d 575; *McAllister* v. *Wright*, 197 Ark. 1156, 127 S. W. 2d 645.

If the provisions of act 142 are applied—and they must be, as the conditions under which they are made applicable here exist, and existed also in *Cobb* v. *Montgomery*, these being that the taxes had not been paid and that "publication of the notice of sale has been given under a valid and proper description, as provided by law"—it follows that the defects assigned in the sale for the 1932 taxes were cured. It is provided by act 142 that the tax sales "shall not hereafter be set aside by any proceedings at law or in equity because of any irregularity, informality or omission by any officer in the assessment of said property, the levying of said taxes, the making of the assessor's or tax book, the making or filing of the delinquent list, the recording thereof, or the recording of the list and notice of sale, or the certificate as to the publication of said notice of sale; . . ."

Act 142 having cured the errors assigned in the sale for the 1932 taxes in Little River county, we were in error in reversing the decree in the case of *Cobb* v. *Montgomery*.

At the same term of the Little River chancery court, and in the same proceeding in which the case of *Cobb* v. *Montgomery* arose, similar questions arose between

Sanderson and Walls, the parties to this litigation. Walls had purchased from the State pending the confirmation proceedings, and Sanderson, who acquired the title of the original owner during its pendency, sought to redeem upon the allegation that the sales for the 1932 taxes were void for the same reasons assigned in the case of *Cobb* v. *Montgomery*. The chancellor held in this case, as he did in the case of *Cobb* v. *Montgomery*, that the defects in the sale had been cured by the provisions of act 142, from which Sanderson has appealed, as did Cobb.

The tax sale was attacked on the additional ground that the school taxes had not been properly levied. But this is one of the defects which act 142 expressly cures, as well also as any irregularity in filing and certifying the delinquent list. The statement in the opinion in the case of *Carle* v. *Gehl, supra,* to the effect that any irregularity, informality or omission in filing and certifying the delinquent list was a defect in the sale which act 142 was not intended to cure, is disapproved.

We so hold because (quoting only so much of act 142 as is applicable here) that act reads as follows: "Whenever the state and county taxes have not been paid upon any real property (the delinquency is admitted), and publication of the notice of sale has been given under a valid and proper description, as provided by law (proper publication is shown by the list and notice record as having been made on May 24th and 31st), the sale of any real property for the nonpayment of said taxes shall not hereafter be set aside by any proceedings at law or in equity because of any irregularity, informality or omission by any officer in the assessment of said property, the levying of said taxes, the making or filing of the delinquent list, the recording thereof, or the recording of the list and notice of sale, or the certificate as to the publication of said notice of sale; . . ."

Although both cases were tried at the same term of court, the appeal in the case of *Cobb* v. *Montgomery* was prosecuted more expeditiously, and was reached for sub-

mission and was submitted and decided before the appeal in the instant case fell due for submission.

The attorney in the instant case states that he was not advised of the appeal in the case of *Cobb* v. *Montgomery* until after the opinion in that case had been delivered, but upon the delivery of that opinion he requested that the mandate be withheld until this case was considered and decided, otherwise it would be controlled by the opinion in the Cobb case, and the reversal of this case would be required by the opinion in that case.

This order was made, and a *per curiam* opinion will be handed down this date (*Cobb* v. *Montgomery*, post 539, 140 S. W. 2d 119) setting aside and annulling the opinion in that case, and the decree appealed from in that case will be affirmed, for the reason that the defects in the sale have been cured by act 142.

For the same reason the decree in the instant case must be affirmed, and it is so ordered.