WOOD v. LOVETT.

4-6059                                  143 S. W. 2d 880

Opinion delivered October 21, 1940.

*Poe & Wood* and *Burke, Moore & Walker,* for appellants.

*A. J. Johnson,* for appellee.

McHANEY, J. This action was instituted by appellee against appellants to cancel the State's tax deeds issued to them, conveying the State's title to the lands described in each of three deeds, for rents and to quiet title in him. The action was begun on January 21, 1939. The complaint alleged that he was the owner of all the lands therein described, by virtue of a deed from the Alliance Trust Company in 1939, which is of record in Desha county, and that said trust company acquired title thereto by virtue of the foreclosure of a deed of trust executed by a former owner, which deed is of record, and that his predecessors in title have owned, occupied and paid taxes thereon for nearly a century. The land forfeited in 1933 for the nonpayment of the 1932 taxes and was sold to the State. Not having been redeemed, it was certified to the State, and, in 1936, the State conveyed to appellants the three separate tracts here involved, except appellant, Harris, got his deed from the State in 1938. The complaint alleged ten different reasons why the forfeiture and sale to the State were void, and it is conceded by appellants that the sale was void unless cured by act 142 of 1935. Separate answers denied the allegations of the complaint and raised the questions herein discussed.

Trial resulted in a decree for appellee in which the rents and profits owed by appellants were offset against their improvements and rendered judgments in favor of each appellant for taxes paid. As to certain of the lands, some 53 acres, it is agreed by appellants the forfeiture and sale were void for insufficient description.

For a reversal of the decree against them appellants first say that appellee has not proved title in himself.

On this question the record discloses that appellee testified that he had purchased the land from the Alliance Trust Company and introduced his original deed which was handed the notary and was copied as an exhibit to his testimony. He also introduced an abstract of title showing title in himself and his predecessors in title from the Government down to him, including a commissioner's deed executed and approved in the foreclosure and sale to said trust company. A similar practice was followed by appellants who introduced their original tax deeds from the State as exhibits to their depositions which were copied and the originals withdrawn. No objection was made by appellants in the court below as to the manner of proof of ownership of appellee until February 16, 1940, on the very day the court rendered its decree, but on that date they filed exceptions thereto. These exceptions were overruled in its decree by the court without giving any reason therefor, but the court might well have done so because they came too late—just as the case was submitted, whereas appellee's deposition was taken on July 15, 1939. We think the court was justified in overruling the exceptions for this reason, if for no other. We think the objection now urged is as to the form of the proof and does not go to the merits of the controversy. The abstract shows title in appellee and it would work a substantial injustice to reverse the case because appellee failed to introduce the record of his deed and other muniments of title. Moreover, this is not a suit in ejectment where title must be deraigned from the Government, the State or a common source.

Appellants next contend that their title was confirmed and perfected by reason of act 142 of 1935. This act was repealed by act 264 of 1937, and this suit was not filed until January 21, 1939. It is conceded that the tax sale to the State in 1933 is void unless cured by said act 142, but, it is contended, that said act cured the defects and irregularities alleged in the complaint and that the State took a good and indefeasible title except the tract without a valid description, because of said act, which passed to appellants on their purchase from the State; that they acquired vested rights in said lands; and that

if the repealing act is so construed as to give a retroactive effect as to rights vested before passage, it is unconstitutional and void under both the state and federal constitutions. It is conceded by appellee that the defects and irregularities alleged are such as would not justify the court in setting the tax sale aside under said act 142, if it were in force. We think the fallacies in the argument of appellant consist in the false assumptions that said act 142 cured defects and irregularities in all tax sales occurring prior to the passage of the repealing act 264 in 1937, and that appellants acquired vested rights under said act 142, having purchased said lands in 1936, prior to its repeal. Said act 142 provided that under conditions stated, ''the sale of any real or personal property for the nonpayment of said taxes shall not hereafter be set aside by any proceedings at law or in equity because of any irregularity,'' etc., with a proviso the act should not apply to suits then pending or to those brought within six months after the effective date of the act for the purpose of setting aside such sales. Under its own terms the act did not apply to all sales—to pending suits and those which might be brought within six months. The act does not profess to cure tax sales, but only that tax sales shall not be set aside by the courts because of certain irregularities and informalities, naming them. Prior to the passage of said act 142 the courts had been setting aside tax sales because of the irregularities and informalities named therein. The act was held valid in *Carle* v. *Gehl,* 193 Ark. 1061, 104 S. W. 2d 445. In *Kosek* v. *Walker,* 196 Ark. 656, 118 S. W. 2d 575, it was held, to quote a headnote, that: ''Upon the passage of act 264 of 1937, repealing act 142 of 1935, tax sales became subject to any attack upon them to which they were open prior to the passage of act 142 of 1935, except where the sales were being litigated when the repealing act 264 of 1937, was passed.''

Appellants attempt to distinguish *Kosek* v. *Walker* from this, because, in that case, the land was certified to the State and sold by it after the repealing act 264 was enacted. We think this fact would make no difference, for if the sale in the instant case would be cured

by said act 142, it would have been cured in that also, as the sale in that case was made in 1934, prior to the passage of said act 142, and no suit was brought in this case, attacking said act until nearly two years after its repeal. As said in *Kosek* v. *Walker, supra,* "The infirmities of the tax sale herein involved were, therefore, not cured by act 142, and appellant's contention that act 142 is still effective as to all tax sales made prior to the passage of said act 264 cannot be sustained. Upon the passage of act 264 tax sales became subject to any attack upon them to which they were open prior to the passage of act 142 except only those sales which were being litigated when the repealing act 264 was passed."

We think appellants acquired no greater vested interest or title to said lands than the State had, and the repeal of said act 142 violated no constitutional right of theirs to a defense under act 142 after its repeal. As above stated, said act did not profess *in haec verba* to be a curative act, but only that the courts should not set aside tax sales for the infirmities mentioned under the conditions stated therein.

Two other questions are argued, one relating to limitations under the plea of possession for two years and the other to the question of betterments. Both were decided against appellants on evidence that is in dispute, which we have carefully considered, and we are unable to say the findings of the trial court thereon are against the preponderance of the evidence.

The decree is accordingly affirmed.