SMITH *v.* TREADWELL.

4-8088                                    200 S. W. 2d 514

Opinion delivered March 10, 1947.

Rehearing denied April 14, 1947.

*Gaughan, McClellan & Gaughan,* for appellant.

*L. Weems Trussell,* for appellee.

McHANEY, Justice. Appellant, R. L. Smith, was the husband of Sarah G. Smith, and the other appellants are her children and heirs at law, she having died intestate

on October 4, 1945, and being the record owner of the 220-acre tract of land here involved.

Said tract was returned delinquent and sold to the State for the non-payment of the taxes thereon in 1933 for the 1932 taxes. After the expiration of the two-year period of redemption, said lands were certified to the State. On July 21, 1946, the Commissioner of State Lands sold and conveyed same to C. D. Vandergrift who thereafter paid the taxes for 1936 to 1941, inclusive, and then sold and conveyed same to Oliver Anthony who later sold and conveyed the same tract to J. D. Treadwell, who has paid the taxes thereon for 1942 to 1945, inclusive, claiming to be the owner.

On May 22, 1936, the State sought to confirm its title to these and other lands under the provisions of Act 119 of 1935. On November 2, 1936, appellants filed an answer and intervention in the State's confirmation suit, alleging a right to redeem. About eight years later, an amendment to the intervention was filed by appellants, which reasserted the right to redeem by reason of their minority, a claim which was not relied on and not now asserted. It also asserted the invalidity of the tax sale held by the Collector on June 17, 1933, on a number of grounds, two of them being that the delinquent list was not filed and notice given by the Collector within the time and in the manner prescribed by law; and because said delinquent list was never recorded by the Clerk as required by law. Appellees were made parties to the intervention. Vandergrift and Anthony appeared and disclaimed any interest in said lands, except certain tax payments made by them. Treadwell moved to dismiss the intervention because appellants made no deposit to cover taxes, penalty and costs, as provided by Act 119 of 1935. In response to this motion the Court made an order requiring appellants to make such deposit which they did in the sum of $312.48.

Treadwell answered the intervention, claiming to be the owner of said lands, and that the tax sale was made in substantial compliance with the statute, and

plead the curative provisions of Act No. 142 of 1935 in bar of the action.

Trial resulted in a decree dismissing the intervention for want of equity, the Court finding and holding that Act No. 142 of 1935 cured the defects in the sale. This appeal followed.

The sale of the land here involved in 1933 for the 1932 taxes was held under the provisions of Act 250 of 1933, approved March 20, 1933. The sale was begun on June 12 and ended on June 17, 1933, the land here involved being sold on the latter date. Act 250 was amended by Act 16 of the extraordinary session of 1933, approved August 25, 1933, but the sale here involved occurred prior to the passage of Act 16. A portion of said Act 250 was held unconstitutional in *Smith* v. *Cole* and *Brown* v. *Pennix*, 187 Ark. 471, 61 S. W. 2d 55. Sections 5 and 6 of said Act 250, which were amendatory of §§ 10084 and 10085 of Crawford & Moses' Digest, were sustained in *Matthews* v. *Byrd*, 187 Ark. 458, 60 S. W. 2d 909. Section 5 of Act 250 of 1933, now § 13846 of Pope's Digest, provides: ''The clerks of the several counties of this State shall cause the list of delinquent lands in their respective counties, as corrected by them, to be entered in a well-bound book, appropriately labeled, which book shall be a permanent public record, and open to the inspection of the public at all times.''

Section 6, of said Act 250 amended § 10085 of Crawford & Moses' Digest so as to eliminate the necessity of publishing the delinquent list in full as described on the tax books, and provided a short form of notice to be published by the Clerk, all of which is set out in *Matthews* v. *Byrd, supra.*

It is undisputed in this record that there was a total failure of the Clerk to comply with § 5 of said Act 250. The list as filed by the Collector was not signed or certified by him, nor attested by a Notary or other officer. The delinquent list as filed was not corrected by the Clerk and was not ''entered in a well-bound book, appropriately labeled, which book shall be a public

record, and open to inspection of the public at all times.'' The only semblance of compliance with this § 5 was that the Collector filed a list of delinquent lands with the Clerk, consisting of several large sheets, pinned or fastened together at one corner. The list was never corrected nor was it recorded in a book as expressly required. We think these requirements must have been substantially complied with in order to constitute notice to property owners.

In *Hirsch and Schuman* v. *Dabbs and Mivelaz,* 197 Ark. 756, 126 S. W. 2d 116, we said: ''If this delinquent list had not been entered upon a permanent record, usually referred to as the record of lands returned delinquent, the sale was void for that reason.'' This case involved a sale to the State in 1934 for the taxes of 1933. The curative provisions of Act 142 of 1935 do not appear to have been pleaded or relied upon, and the decision was based on §§ 5 and 6 of said Act 250 as amended by Act 16 of the extra session of 1933, held in August of that year. As above stated these amendatory provisions of said Act 16 do not apply to the sale here involved, but § 5 of Act 250, which required the delinquent list to be corrected and recorded by the Clerk, was not changed, except in the last paragraph of § 5 of Act 16 it is provided: ''The list of delinquent lands recorded as provided in § 5 hereof shall be attached thereto, by the County Clerk, a certificate at the foot of said record, stating in what newspaper said notice of delinquent land sale was published and the dates of publication, and such record, so certified, shall be evidence of the facts in said list and certificate.'' As to this amendatory legislation we said, in the Hirsch and Schuman case, *supra*: ''We perceive, in this amendatory legislation, no intention to dispense with the requirement that a permanent record be made and kept of lands returned delinquent, nor as to the time of making such record, that is, prior to the sale.

''The effect of this amendatory § 6 is to make such a record more important than ever; indeed, under the amendatory section, such a record becomes indispensable. This amendatory section dispenses with the necessity of

publishing, the list and description of the delinquent lands. A six-inch, double column notice advises that delinquent lands will be sold, but does not describe the land to be sold. That information cannot be obtained from the published notice, but can only be had by examining the permanent record in which the delinquent list of lands has been copied. If the continued keeping of that record is not required, then there was no permanent record where anyone might look to ascertain what lands were returned delinquent. The notice for which the act provides refers to the record where the delinquent lands are described, and the last paragraph of this § 6 requires that a certificate be made at the foot of that record stating in what newspaper the notice was published.''

So, without at least a substantial compliance with said Act 250, in this respect the sale is void, unless cured by Act 142 of 1935, as the learned trial court held.' The applicability of this Act 'is premised on two conditions: (1) ''Whenever the State and County taxes have not been paid upon any real or personal property,'' and (2) ''Publication of the notice of the sale has been given under a valid and proper description, as provided by law.'' The first condition is conceded—the property was delinquent—but the second condition is strenuously denied. The notice of the sale was the short form pro- vided by Act 250 and did not describe any property. It referred to a ''list or record on file in the office of the Clerk of the County Court.'' Assuming without de- ciding that a corrected list, properly recorded by the Clerk in a well-bound book, as required by the Act, would be sufficient to constitute notice to the taxpayers, we are of the opinion that what happened here, as set out above, was not sufficient and that Act 142 of 1935 has no application to this sale.

We do not overlook our case of *Sanderson* v. *Walls,* 200 Ark. 534, 140 S. W. 2d 117, where an invalid tax sale for the same years, as here involved, was held to be cured by said Act 142, but the question there involved was the time of publication of the notice of sale, and it was held, ''the fact being that the notice of sale was published in a local paper in its issues of May 24th and

May 31st, 1933, and the sale occurred on June 12th. The notice was, therefore, published for the time and in the manner required by law." The question here involved was not there raised or decided. Here there was no record made of the delinquent list and there was, therefore, no legal method whereby any person could determine whether his property was delinquent. The delinquent list was not published because of Act 250, and it was not recorded as definitely required by the same Act. Therefore, there was no notice as required by law, and Act 142 of 1935 has no application according to express condition No. 2, set out above.

The decree is, accordingly, reversed and the cause remanded with directions to enter a decree in accordance with this opinion, but requiring appellants to refund to appellees all taxes paid by them together with interest at 6 per cent from the times of payment to the date of tender made by them. Each party will pay his own costs of this appeal.

GRIFFIN SMITH, C. J., SMITH AND McFADDIN, JJ., dissent.