IRELAND v. ROTENBERRY.

4-9017                                    223 S. W. 2d 498

Opinion delivered October 10, 1949.

*Townsend & Townsend,* for appellant.

*Ward Martin,* for appellee.

GEORGE ROSE SMITH, J. This is an action by several property owners in Street Improvement District No. 575 of the city of Little Rock, to enjoin the commissioners from laying pavement less than thirty feet in width. The

chancellor sustained the plaintiffs' position and issued the injunction sought by the complaint.

When the district was formed there was in force an ordinance adopted in 1926, which provided that the pavement should be thirty feet wide when, as here, the dedicated right-of-way is from fifty to fifty-nine feet across. The petition for the formation of this district did not specify the width of the proposed pavement. It described the improvement as the grading, draining, curbing, guttering and paving of certain parts of Pierce, Fillmore and "R" streets, "in such manner and with such materials" as the commissioners might deem for the best interest of the district.

The appellees' grievance centers upon the action of the city council in reducing the thirty-foot pavement requirement after this district was organized. The council found that thoroughfares crossing the three streets mentioned had already been paved. When that surfacing was laid the curbing turn-ins at the intersections with Pierce and Fillmore were constructed twenty-seven feet apart and those at "R" Street twenty-four feet apart. The council, recognizing the rights-of-way thus tentatively fixed, passed an ordinance reducing the pavement width for Pierce and Fillmore to twenty-seven feet and that for "R" to twenty-four feet.

The appellees do not suggest that the council's action in slightly reducing the width of these streets is arbitrary. Their position is that the 1926 ordinance was in force when the petition for the district was signed, thereby creating an implied contract with the city for a thirty-foot surface. This contention we think refuted by our holding in *Deane* v. *Moore,* 112 Ark. 254, 165 S. W. 639. There the petition contained a request that the city council reduce the width of the street in order to lessen the expense of the work. The council did narrow the right-of-way but later passed a second ordinance restoring its original width. In answering the property owners' attack upon the later ordinance we said: "The matter of fixing the width of the street was one which addressed itself to the city council, entirely apart from

the question of making the improvement. It had no proper place in the petition for the improvement, as the statute prescribes what the contents of the petition shall be. That request must, therefore, be treated as surplusage in the petition." The court added that a different question might have been presented if the request for a reduced right-of-way had been so worded as to constitute a condition to the landowners' consent to the improvement.

Thus the matter of fixing the width of these streets lay within the council's discretion. It is evident that compliance with the 1926 ordinance was not a condition upon which the property owners signed this petition, for it mentioned neither the ordinance nor the desired width of the improvement. If it be said that the petitioners are presumed to have known of the 1926 ordinance, it is enough to answer that they are also presumed to have known that the council may modify or repeal its earlier enactments unless vested rights have intervened. The appellees had no vested right in the continued existence of the earlier ordinance.

Reversed.