The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936-0280
Dear Senator Walters:
This is in response to your request for an opinion regarding retroactive municipal legislation. The facts, as I understand them, involve the passage of a resolution by the City of Greenwood, Arkansas (Resolution No. 305, hereinafter "Resolution") increasing certain fees in reference to building permits. Concerns regarding the validity of the Resolution have prompted the City to inquire whether a new ordinance can be passed retroactively to implement the higher rates. Funds have been collected pursuant to the Resolution over the past several years. A question has also been raised regarding a particular council member's vote on such retroactive municipal legislation, in light of the fact that he is due a refund if the Resolution is invalid.
RESPONSE
Question 1: Can the City pass a new ordinance retroactively to implementthe higher rates under these circumstances?
It is my opinion that the answer to this question is in all likelihood "yes" pursuant to the City's general power to enact so-called "curative" legislation.
A "curative act" has been defined as "one intended to give legal effect to some past act or transaction which is ineffective because of neglect to comply with some requirement of law." Carle v. Gehl, 193 Ark. 1061,104 S.W.2d 445 (1937). Such acts are necessarily retroactive. Id.
Sutherland, in his treatise on statutory construction, notes the following exception to the general disfavor accorded retroactive legislation:
 An exception also occurs when a law is passed to bring legal rights and relationships into conformity with what people thought they were. This would occur as a result of a failure to conform to legal forms, procedure, requirements, or limitations by reason of some accident or mistake.
Sutherland, Statutory Construction § 41.02 (4th ed.)
Such legislation is often termed "curative" and is upheld where it validates any past action the legislative body might have authorized beforehand, and where it does not disturb vested rights. Green v.Abraham, 43 Ark. 420 (1884). While one might contend in this instance that "vested rights" are somehow implicated by a remedial retrospective ordinance increasing these fees, my research indicates that such argument would likely fail because this does not involve the type of "substantial right" ordinarily protected, as a constitutional matter, against retroactive legislative action. See generally Carle, supra. Of primary significance in this regard is the general principle that there can be no "vested right" in the continued existence of a law. 16A C.J.S.Constitutional Law § 231 (1984); Ireland v. Rotenberry, 215 Ark. 771,223 S.W.2d 498 (1949) (stating that there is "[n]o vested right in the continued existence of the earlier ordinance.") Certainly, in this instance, the ordinance increasing the fees could not be retroactively applied to invalidate previously issued building permits. But as I understand it, the increased fees have been paid under the Resolution. Thus, a constitutional "vested rights" argument would, it seems, essentially be based upon the anticipated continued existence of the former ordinance setting the lower rates. As noted, however, an interest founded on anticipated continuance of existing laws does not constitute a "vested right."
It is therefore my opinion that the prohibition against the impairment of vested rights is not an impediment to a remedial ordinance such as that proposed. It should be noted, however, that the city council must expressly declare its intent to make the new ordinance retroactive in order to cure or validate the defective Resolution.[1] As stated inCorpus Juris Secundum:
 In order to render subsequent proceedings of a common council evidence of the ratification of an invalid ordinance, it must appear that such proceedings were had with full knowledge of the invalidity of the ordinance, and with manifest intention to cure it thereby.
62 C.J.S. Municipal Corporations § 290 (1999).
It is also noted that "[t]he validating ordinance must be passed in the manner essential to the valid enactment of the original." Id. Close attention should, therefore, be paid to the drafting and passage of this ordinance. Local counsel should be consulted with these principles in mind.
Question 2: Should a councilman who is due a refund under the invalidResolution be allowed to vote or voice an opinion on the curativeordinance?
The question whether a particular interest is sufficient to disqualify a public official from participating in a specific decision is necessarily a factual one and depends upon all of the circumstances in each case. 63C Am. Jur. 2d Public Officials and Employees § 252 (1997). While I thus cannot, in the limited format of this opinion, conclusively answer your question, I believe prudence dictates that the councilman refrain from participating in this matter based upon the common law "conflict of interest" theory.
As a general matter, the phrase "conflict of interest," when used to suggest disqualification of a public official from performing his or her duties, refers to "a clash between the public interest and the private pecuniary interest of the individual concerned[.]" 67 C.J.S. Officers § 204(a) (1978). It has been stated that there is a conflict of interest when a public officer votes on a matter in which he has a personal direct and pecuniary interest. Id. See also Van Hovenberg v. Holman,201 Ark. 370, 144 S.W.2d 719 (1940) (disqualifying a city council member from voting on an issue involving his own pecuniary interest). It has also been stated, generally, that:
 The interest which disqualifies is a personal or private one, not such an interest as the public officer has in common with all other citizens.
67 C.J.S., supra.
It may be contended in this instance that the councilman's personal, pecuniary interest is indeed distinct from the public interest and thereby subjects him to conflicting duties such that recusal from voting or other participation in this matter is required. This is not to say that a councilman who is also employed as a builder cannot vote on issues relating to his profession, generally. Indeed, this office has previously opined that there is no unlawful conflict of interest when a city councilman who is also self-employed as a builder and developer votes on issues which pertain to the subdivision code. Op. Att'y Gen. 86-267. But the case at hand is arguably distinguishable where the issue or decision apparently focuses more narrowly upon the councilman's personal economic interest. It is for this reason that I suggest the councilman recuse in this instance. As noted, however, this is ultimately a factual question falling outside the scope of an opinion from this office.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] I am assuming, in issuing this opinion, that the "Resolution" is in fact defective, that is, it is not effective to increase the fees because it purports to amend an ordinance and the procedures for passage of an "ordinance" were not followed, e.g., reading requirement (A.C.A. §14-55-202), recording and authentication (§ 14-55-205), publication or posting (§ 14-55-206). It is well settled that an ordinance cannot be repealed, amended, or suspended by a resolution. Meyer v. Seiffert,216 Ark. 293, 225 S.W.2d 4 (1949).